**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

STEVEN WILKERSON                               :

    Plaintiff                                      :

v                                              :          Civil Action No. JFM-06-982

STATE OF MARYLAND, *et al.*                    :

    Defendants                                     :

o0o

**<u>MEMORANDUM</u>**

Pending in the above-captioned civil rights action is defendants' motion to dismiss or for summary judgment. Paper No. 17. Plaintiff has filed a response in opposition to the motion. Paper No. 21. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. Local Rule 105.6. For the reasons set forth below, defendants' motion, which shall be construed as a motion for summary judgment, will be granted.

Background

The complaint alleges that plaintiff was sexually assaulted by Officer Sires, Franz and McKenzie during a cell search conducted on December 29, 2005. Paper No. 1 at p. 2. Plaintiff further states that inmates known as the task force boys have been hired by correctional officers to make attempts on his life. *Id.* He claims he was told by two inmates that Sires and Franz hired them to either beat him up or stab him when they got a chance to do so. *Id.* He alleges that although he has been on protective custody for two and one-half years, inmates are spitting in his food. *Id.* He claims that he has filed numerous complaints regarding the threats but all of his complaints are dismissed. *Id.*

In his amended complaint plaintiff explains that he and his cell mate were required to leave

their cell during a search.  Paper No. 6 at p. 4.  Plaintiff and his cell mate were escorted down the

stairs to the medical section of the housing unit and placed in a holding cell.  *Id*.  The two men were

then separated and strip-searched.  *Id*.  Plaintiff alleges he was  taken to a room where he was told

to disrobe, bend at the waist, and spread his buttocks apart.  *Id*.  When plaintiff complied with the

order, he claims Sires said he saw something.  *Id*.  Plaintiff admits that he did not comply with a

subsequent order[1] and as a result was moved to another room, where  he was left nude and

handcuffed to a steel cage.  *Id*.; *see also* Paper No. 21 at Declaration.  He claims he was left there

until he complied with the order and when he asked to see a sergeant, his request was denied. Paper

No. 6 at p. 4. He states two inmates walked by and saw him handcuffed to the cage, at which time

he complied with the order.  *Id*.  Plaintiff was escorted back to the first room where he was searched.

*Id*.  He claims that during the course of the search Sires placed two of his fingers into plaintiff's

rectum, turning his fingers left and right, causing him pain.  Paper No. 21 at Declaration, p. 2.

Plaintiff states that he again asked to see a sergeant and was told that he could only see a sergeant

when "they were finished."  *Id*.

After the body search was completed, plaintiff was permitted to get dressed and was escorted

to the area where his cell mate was waiting. Paper No. 6 at p. 5.  Plaintiff and his cell mate were

escorted back to their cell, where the search of the cell continued and Sergeant McKenzie began a

pat-down search of plaintiff's cell mate.  *Id*. After the search of the cell was completed, plaintiff was

permitted to move his belongings back into the cell.  While doing so, McKenzie asked plaintiff if

he had a problem.  *Id*.  Plaintiff refused to talk to McKenzie, instead advising that he should talk to

his lawyer.  *Id*.  As a result of the alleged rectal search, plaintiff claims he experienced pain and

---

[1] Plaintiff does not describe the order he refused to obey.

rectal bleeding for which he was prescribed medication.  Paper No. 21 at Ex. BB16.  Plaintiff claims

that since the events took place, the officers involved continue to harass him with racist remarks and

that as a result he fears for his life.  Paper No. 6 at p. 6.  He further claims that he has been:

threatened with bodily harm; falsely accused of disciplinary infractions; denied exercise for a month;

and threatened to be restrained with a spit mask and shackles.  Paper No. 13 at p. 1.  Plaintiff states

that he uses a cane to walk, but it was taken away from him by McKenzie in retaliation for the filing

of this lawsuit.  *Id*.  He further alleges that Officer Beaman has threatened to have the task force

boys attack him. *Id*. at p. 2.  Finally, plaintiff also claims he was assigned to a top bunk on July 21,

2006, although his medical condition which warranted a bottom bunk assignment.  *Id*.

    Defendants claim that plaintiff was strip searched as a part of a routine search and that

neither Sires or Frantz touched him during the process.  Paper No. 17 at Ex. 2.  Upon learning of

plaintiff's allegation that Sires had inserted his finger into plaintiff's rectum during the search, an

investigation was conducted by the Department of Public Safety and Correctional Services Internal

Investigative Unit (IIU).  *Id*. at Ex. 1.  During the course of the investigation[2] plaintiff did not claim

that he felt his life was threatened or otherwise endangered, and offered not to pursue the issue if

he was transferred to another prison.  *Id*. at pp. 5– 6.  Plaintiff was given a medical examination

which revealed no signs of injury.  *Id*. at pp. 6 and 17– 18.  Plaintiff's cell mate, Raymond Dorsey,

was interviewed and stated that he was not touched during his strip search.  *Id*. at p. 13.  Dorsey also

claimed that plaintiff attempted to induce him to lie about the rectal search.  *Id*.  The investigation

was closed on April 21, 2006, without substantiation of plaintiff's allegation.  *Id*.

---

[2] The investigation included a polygraph test of plaintiff which indicated that he was being
deceptive in his answers to questions regarding the incident.  Paper No. 17 at Ex. 1, p. 6.

Defendants further state that as a protective custody inmate, plaintiff does not have contact with general population inmates.  *Id*. at pp. 1 and 34.  In addition, Sires and Frantz deny ever threatening plaintiff or encouraging other inmates to cause him harm.  *Id*. at Ex. 2 and 3.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.  *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other  facts immaterial."  *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *Anderson*, 477 U.S. at 256.

4

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"   *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

## Analysis

### Sexual Assault Claim

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment."  *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991).   Prison officials are obligated by the Eighth Amendment to maintain humane conditions of confinement, which includes the duty to "take reasonable measures to guarantee the safety of the inmates themselves."  *Hudson v. Palmer*, 468 U.S. 517, 526- 27 (1984); *see also Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 769

(4th Cir. 2003).    In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements.    First, "'the deprivation of [a] basic human need [must be] *objectively* sufficiently serious.'"*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). Second, a prisoner must prove that "*subjectively* the officials acted with a sufficiently culpable state of mind.'" *Id*.

Sexual abuse of an inmate at the hands of a correctional officer, if sufficiently serious, may constitute cruel and unusual punishment.  There is no legitimate penological purpose for permitting such conduct and it is "simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).  "[T]here can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." *Boddie v. Schneider*, 105 F. 3d 857, 861 (2d Cir. 1997).

Accepting plaintiff's allegation as true, the claimed sexual abuse was a single incident that, while humiliating and degrading, does not state a claim of constitutional significance.  While plaintiff claims that the actions of Sires caused him to experience rectal bleeding, the only objective evidence submitted by plaintiff in support of that claim is a prescription for hemorrhoidal suppositories.  Paper No. 21 at Ex. BB16.  The medical evaluation of plaintiff conducted as part of the investigation into his claim revealed no injury. *See* Paper No. 17 at Ex. 1, p. 23; Paper 21 at Ex. BB17.  *See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993) (requiring significant emotional or physical injury to state a constitutional claim).  To the extent that the conduct alleged was malevolent and served no legitimate purpose, the isolated nature of the incident coupled with the absence of objective evidence of physical harm removes the claim from the realm of constitutionally

prohibited acts. *See Hudson,* 503 U.S. at 9 (not every malevolent touch gives rise to a federal cause of action). Defendants are entitled to summary judgment in their favor on this claim.

Failure to Protect Claim

In order to prevail plaintiff must establish that the defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency.   Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer,* 511 U.S. at 833– 34.  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

Plaintiff alleges that other inmates have been solicited by defendants to cause him harm. Paper No. 21.  The allegation is denied by defendants.  Plaintiff is assigned to protective custody where general population inmates do not have access to his area.  Despite the added security provided by protective custody, however, plaintiff has repeatedly requested to be removed from that assignment and transferred to Patuxent as a general population inmate.  *Id*. at Ex. BB1 – BB6. Those requests belie his assertions that he fears his safety is jeopardized by other inmates who are incarcerated at Western Correctional Institution.  The claim, based on conjecture and speculation unsupported by any objective evidence, appears designed to effect his transfer to an institution more

to his liking.  As such, defendants are entitled to summary judgment on the claim.

Retaliation Claim

In order to prevail on a claim of retaliation, plaintiff  "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right."  *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment.  *Compare Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim);  *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987)( "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'") (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

In the instant case plaintiff asserts that his cane was taken from him in retaliation  for the filing of the instant claim.[3]  Paper No. 21. Plaintiff admits that his cane was confiscated because he was observed engaging in physical activity without relying on the cane.  *Id*.  He claims, however, that other inmates who rely on a cane also engage in similar activities but their canes were not confiscated.  *Id*.  To the extent that there is a legitimate security reason for confiscation of plaintiff's cane, the asserted retaliatory purpose is not established by vague claims that others have not been treated in the same manner.  Plaintiff has failed to present or predict admissible evidence to refute

---

[3] Plaintiff's claims that he is subjected to racial remarks in retaliation for filing the instant claim is not sufficient to state a constitutional claim.  The conduct alleged simply does not come close to conduct meant to terrorize or intimidate plaintiff for exercising a constitutionally protected right.

8

the stated reason for the conduct alleged.  Accordingly, the retaliation claim is conclusory and defendants are entitled to summary judgment.

Conclusion

Having found that the undisputed facts in this case are insufficient to establish a constitutional claim, the court finds that defendants are entitled to summary judgment.  Accordingly, by separate order which follows, the motion for summary judgment shall be granted.

December 18, 2006
Date

/s/_____
J. Frederick Motz
United States District Judge